UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANCEL MONTENELLI,

    Plaintiff,

vs.

U-HAUL CO. OF ILLINOIS, INC.,
d/b/a U-Haul,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff Ancel Montenelli ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant U-Haul Co. of Illinois, Inc. d/b/a U-Haul ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA"), 28 C.F.R. Part 36 and the Illinois Human Rights Act ("ILHRA") as codified at 775 ILCS 5 and alleges as follows:

### INTRODUCTORY STATEMENT

1. Plaintiff brings this action in Federal Court to stop the exclusion of blind, vision impaired, and low vision patrons of Defendant's business.

2. Businesses have choices when they offer their services to the public.

3. Businesses should not operate in any manner that creates discrimination in access to their products and services.

4. Defendant owns and operates a place of public accommodation which is a vehicle rental agency under the brand name "U-Haul." U-Haul offers for rent to the public trucks, trailers, and vans ("goods and services," "(rental) vehicles").

5. This Complaint seeks declaratory and injunctive relief to have Defendant create policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services in Defendant's business so that individuals who are disabled and require hand controls to operate vehicles are provided with those auxiliary aids and services by Defendant such that their access to U-Haul is not impeded; as such impediment has rendered Defendant's business not fully accessible to the mobility impaired.

## JURISDICTION

6. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), and 42 U.S.C. §12101, et. seq.

7. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343(a)(3) and §1343 (a)(4)

8. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

9. The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102; "ILHRA") are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

**PARTIES**

10. Plaintiff Ancel Montenelli resides in Cook county, Illinois, is disabled and a qualified individual as defined by the ADA

11. Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

12. Defendant U-Haul Co. of Illinois, Inc. is an Illinois corporation doing business as U-Haul. Defendant is authorized to conduct, and is conducting business within the State of Illinois.

13. At all times material hereto, Defendant has owned and/or operated a truck, trailer, and van rental business called U-Haul. Defendant owns, controls, and/or is franchisor of U-Haul rental locations at 1912 Franklin Street, Michigan City Indiana 46360 and at 2001 West Roosevelt Road, Broadview, Illinois 60155. The U-Haul rental facilities are the subject of this action and are also referred to as "U-Haul," or "place of public accommodation."

14. Events giving rise to this lawsuit substantially ccurred in the State of Illinois, based upon Plaintiff's ordering and paying for the vehicle in Illinois through the www.uhaul.com website, and returning the vehicle to a U-Haul location in Illinois.

15. The U-Haul rental facility is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) because it is an "other sales or rental establishment" which offers rental of vehicles to the general public.

16. On May 25, 2018 Plaintiff went online to www.uhaul.com and reserved and paid for a rental of a truck for May 28 2018 pick-up in Michigan City - Indiana and a May 29, 2018 drop-off in Broadview - Illinois.

17. On May 28, 2018 Plaintiff personally visited the U-Haul location at 2001 West Roosevelt Road, Broadview, Illinois 60155 with to pick up the truck he had rented online. Plaintiff informed Defendant's representative that he could not use his legs and therefore needed to have hand controls temporarily installed in the rental truck so that he could drive the truck which he intended to rent.

18. In response to Plaintiff's request that hand controls be installed in the rental truck, Plaintiff was informed by Defendant's representative that U-Haul does not install vehicle hand controls in any rental vehicles, therefore they could not accommodate Plaintiff's request.

19. In response to Plaintiff's request for Defendant to look into getting hand controls for Plaintiff's intended rental, Plaintiff was told by an employee (and then by the corporate office, whom Plaintiff then called) that the Defendant did not have any trucks available for rent that were equipped with hand controls such as required for individuals who are paraplegic and have no use of their lower extremities.

20. Plaintiff did not desire or expect that any vehicle he would rent would be provided as permanently affixed to a rental truck but that Defendant temporarily install hand controls so the he could use the rental truck over the course of the intended rental period.

21. There are numerous companies that sell vehicle hand controls that are universal in design, meaning that they can be used on any vehicle. Installation of hand

controls does not render any safety feature inoperable or cause permanent modification or damage to the vehicle itself.

22. Furthermore, installation of hand controls is quick and easy. For example the Automobility 901 model as used by Enterprise is a permanent quick-attach manual hand control unit that requires no hardware to install and is attached with straps and no bolting or cutting and can be installed in minutes. Hand Drive Co. has developed a system that is so portable that the unit can be handed to the rental agent to the renter for the renter's attachment of the unit on the rental vehicle. When placed on the steering wheel, the Hand Drive unit connects to motors that operate the gas and break. The pre-installed motors within the steering column allow the user to attach the Hand Drive without performing any installation.

23. While there are no standards which define "readily achievable" within the Title III Regulations, technology has made such hand controls available and the installation is so effortless and simple that provision of hand controls for a rental vehicle is clearly readily achievable by a vehicle rental company.

24. Such hand controls are widely used within the car rental agency world[1] and are designed for temporary installation and easy removal and could easily have been installed in the U-Haul which Plaintiff had intended to rent.

25. Defendant has failed and refused to provide assistive devices to accommodate disabled individuals in spite of readily available assistive devices which would enable Defendant's rental trucks to readily achieve the desired accommodation of disabled individuals (who have no use of lower extremities).

---

[1] For example, National, Budget, and Avis use the Kroepke Kontrol; Enterprises uses the Automobility 901;

5

26. Plaintiff had traveled from his home in Illinois to Indians to rent the U-Haul truck, and had prepaid for the rental, but Plaintiff was precluded from driving the U-Haul rental truck himself as he intended. Plaintiff had to have assistance to drive the truck he had rented. Plaintiff was disappointed, embarrassed, and humiliated over being unable utilize the rental truck as he had intended.

27. Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities offered by U-Haul to the public, all in violation of the ADA.

28. As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

29. Any and all requisite notice has been provided.

30. For all of the foregoing, Plaintiff has no adequate remedy at law.

31. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

32. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

33. Congress explicitly stated that the purpose of the ADA was to:

  (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

34. Pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104, U-Haul is a "place of public accommodation" in that it is an "other sales or rental establishment" and is open to the general public. As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

35. Defendant U-Haul Co. of Illinois, Inc. d/b/a U-Haul is defined as a "Public Accommodation" within meaning of Title III because it owns, leases, leases to others, or operates an "other sales or rental establishment"; 42 U.S.C. §12182, §12181(7)(E) and the Illinois Human Rights Act, as codified at 775 ILCS 5/5-101(A)(5).

36. Defendant's U-Haul business has discriminated against the Plaintiff by failing and refusing to provide auxiliary aids and services in order to remove barriers to its products and services as provided to the general public, in derogation of 28 C.F.R. Part 36.

37. Defendant has discriminated, and continues to discriminate, against the Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its U-Haul business,

7

in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

38. Plaintiff has been unable to (and continues to be unable to) enjoy full and equal safe access to (and the benefits of) the accommodations and services offered to the public at U-Haul.

39. Prior to the filing of this lawsuit, the Plaintiff personally visited U-Haul with the intention of renting a truck, but as an individual with a disability (loss of use/function of his lower extremities) has been denied adequate accommodation by virtue of being unable to rent a truck accompanied by hand controls so the he could use the rental truck over the course of the intended rental period. Plaintiff therefore suffered an injury in fact.

40. The Plaintiff continues to desire to patronize U-Haul and rent a truck in the future, but continues to be discriminated against and injured due to the barriers to access to his rental and use of a truck equipped by Defendant's failure and refusal to equip the truck with hand controls which would accommodate his intended rental of a truck for his personal use, all in violation of the ADA.

41. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

42. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a) A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b) A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c) A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

43. Under the ADA, any person who owns or operates a place of public accommodation, such as sales or rental business (as is Defendant's vehicle rental service) must ensure that the goods, services, privileges, advantages and opportunities are offered on a full and equal basis. 42 U.S.C. § 12182(a).

44. If there are physical barriers that have the result of excluding persons with disabilities from fully enjoying such goods, services, privileges or advantages, then those barriers must be removed if readily achievable to do so. 42 U.S.C. §12182(b)(2)(A)(iv). Failure to do so is an act of discrimination. *Id.*

45. "A public accommodation shall remove architectural barriers in existing facilities …. where such removal is readily achievable, *i.e.*, easily accomplishable and able to be carried out without much difficulty or expense," 28 C.F.R. § 36.304(b).

46. Among the barrier removal tasks that are readily achievable to accomplish is installing vehicle hand controls. See, 28 C.F.R. § 36.304(b)(21).

47. Defendant's failure to provide any rental vehicle with hand controls, resulted in persons with disabilities (such as the Plaintiff) being denied the opportunity to rent (and independently operate) a vehicle is discriminatory and a violation of the law.

48. Under the ADA, Defendant has an obligation to make reasonable modifications in its policies, practices or procedures when necessary to afford privileges, advantages or accommodations to individuals with disabilities unless making such modification would fundamentally alter the nature of such accommodations. 42 U.S.C. §12182(b)(2)(A)(ii).

49. Here, providing temporary a vehicle hand control on a rental vehicle so that persons with disabilities can rent and operate that rental vehicle to enjoy the same driving privileges enjoyed by ambulatory customers does not result in a fundamental alteration of Defendant's business and the Defendant's failure to modify its practice after being asked by the Plaintiff is a violation of the ADA.

50. Under the ADA, a public accommodation is not permitted to deny persons with disabilities the opportunity to participate in or benefit from a privilege, advantage, or accommodation or to provide such opportunities that are not equal to that afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(i)&(ii).

51. Moreover, it is unlawful and discriminatory to provide privileges, advantages or accommodations to persons with disabilities that are different or separate from that provided to other person unless such an action is necessary to ensure that the opportunity is as effective as that offered others. 42 U.S.C. § 12182(b)(1)(A)(iii).

52. Based on the above, U-Haul, which is owned and/or operated by Defendant is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations: failure to remove a barrier which is readily achievable to accomplish by installing vehicle hand controls. 28 C.F.R. § 36.304(b)(21).

53. Defendant U-Haul Co. of Illinois, Inc. has not offered the same opportunities that are equal to (or as effective as) that offered to non-disabled persons and are discriminating against persons with disabilities in violation of the ADA.

54. To date, the readily achievable barrier and violation of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

55. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require the provision of hand controls when requested by individuals with disabilities so that its rental vehicles are readily accessible to, and useable by individuals with disabilities to the extent required by

the ADA, and closing the U-Haul location at 2001 West Roosevelt Road, Broadview, Illinois 60155 until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, Ancel Montenelli hereby demands judgment against Defendant U-Haul Co. of Illinois, Inc. and request the following injunctive and declaratory relief:

a) The Court declares that U-Haul is in violation of the ADA and order U-Haul location at 2001 West Roosevelt Road, Broadview, Illinois 60155 closed to the public until such time that it is deemed by this Court to be accessible;

b) The Court enter an Order requiring Defendant to provide hand controls for its rental vehicles so that they are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to U-Haul;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

56. Plaintiff Ancel Montinelli is a resident of the state of Illinois who also suffers from a disability included within the definition of disability as delineated within the Illinois Human Rights Act ("ILHRA"). The ILHRA which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

57. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

58. The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

59. Defendant's vehicle rental business is a place of public accommodation as defined within 775 ILCS 5/5-101(A)(5).

60. As the owner and/or operator of a vehicle rental business operating with the state of Illinois, Defendant U-Haul Co. of Illinois, Inc. is subject to Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

61. By failing to provide Plaintiff with hand controls for operation of a rental vehicle, Defendant has denied Plaintiff access to its goods and services which it offers to the public. Such refusal of equal access to goods and services is a violation of Illinois law.

62. Such violations of Illinois law were deliberate and knowing.

63. Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendant in accordance with the code of civil procedure.

**WHEREFORE** Plaintiff Ancel Montinelli respectfully prays that this Court grant the following relief against Defendant U-Haul Co. of Illinois, Inc. including damages costs and reasonable attorneys fees and for the following injunctive relief and declaratory relief:

a) A declaration that Defendant has owned and/or operated its vehicle rental business (a place of public accommodation) in violation of the ILHRA and have violated 775 ILCS 5 et. seq in that the Defendant failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

b) An Order mandating that Defendant undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that Defendant expeditiously make all reasonable and appropriate modifications to the its vehicle rental facility to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 12th day of November 2018.

                Respectfully submitted,

                *s/Scott Dinin.*
                Scott R. Dinin, Esq.
                Scott R. Dinin, P.A.
                4200 NW 7th Avenue
                Miami, Florida 33181
                Tel: (786) 431-1333
                inbox@dininlaw.com
                *Counsel for Plaintiff*

Case: 1:18-cv-07479 Document #: 1 Filed: 11/12/18 Page 15 of 15 PageID #:15